UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06071 JAK (Ex) | Date | January 25, 2017 |
| Title | F. Osby v. Park Pictures, LLC, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S PAGA CLAIM PURSUANT TO RULE 12(B)(6) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO RULE 12(F) (DKT. 12); PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c) (DKT. 15)    JS-6**

**I.   Introduction**

F. Osby ("Plaintiff") filed this action in the Los Angeles Superior Court on June 2, 2016. The Complaint names as defendants Park Pictures, LLC ("Park Pictures") and Lance Accord ("Defendants"), and alleges violations of the following sections of the California Labor Code: (i) Section 203 (failure to pay continuing wages); (ii) Sections 510 and 1194 (failure to pay minimum wage and overtime compensation); (iii) Sections 226(a) and (e) (failure to provide wage statements), (iv) Sections 226 (b) and (c) (failure to produce employment records), (v) Section 1198.5 (failure to produce employment records), and (vi) Section 2698 et seq. (Private Attorneys General Act ("PAGA") civil penalties). Complaint, Dkt. 1-3. Defendants removed the action on August 12, 2016 on the basis of federal question jurisdiction. Dkt. 1. On August 30, 2016, Plaintiff moved to remand the action to the Superior Court ("Motion to Remand"). Dkt. 15. Defendants opposed ("Opposition to MTR," (Dkt. 23)), and Plaintiff replied ("Reply to MTR," (Dkt. 26)).

On August 19, 2016 Defendants moved to dismiss Plaintiff's PAGA claims and/or strike certain portions of the Complaint ("Motion to Dismiss"). Dkt. 12. Plaintiff opposed ("Opposition to MTD," (Dkt. 18)), and Defendants replied ("Reply to MTD," (Dkt. 24)).

A hearing on both the Motion to Dismiss and the Motion to Remand was held on January 23, 2017, and the matters were taken under submission following argument on the former. Dkt. 28. For the reasons stated in this Order, the Motion to Remand is **GRANTED**. Consequently, there is no jurisdiction to address the Motion to Dismiss.

**II.   Factual Background**

The Complaint alleges that Park Pictures is a production company owned by Defendant Accord. Dkt. 1-3 at ¶ 3. Park Pictures produced a commercial, tentatively entitled "HP #15-53" ("Production"). *Id.* The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06071 JAK (Ex) | Date | January 25, 2017 |
|---|---|---|---|
| Title | F. Osby v. Park Pictures, LLC, et al. | | |

Production required the employment of approximately 60 crew members and 55 actors. *Id.*

Defendants employed Plaintiff as a crewmember on the Production on or around September 18, 2015. *Id.* at ¶ 5. The Complaint alleges that Plaintiff worked for 17.5 hours on that date, earning wages of $1330.50. *Id.* at ¶ 7. He was subsequently laid off. *Id.* at ¶ 6. Plaintiff was not compensated for any work on the Production until after November 12, 2015. *Id.* at ¶ 5.

The Complaint alleges that, as of the date the Complaint was filed, Osby had not been compensated for the continuing wages owed him for work performed on the Production, and had not been provided with a compliant wage statement under California Labor Code § 226. *Id.* at ¶ 8. It also alleges that the failure timely to pay Osby for his work and to provide him with accurate employment and wage records violated the aforementioned provisions of the California Labor Code. *Id.* at ¶¶ 10-25.

The Complaint also advanced a claim on behalf of "all natural persons who were employed by Defendants in California to provide non-exempt services on the Production during the period from one year prior to the filing of this Complaint to the date of the filing of a motion for summary adjudication of the claims or trial of this case." *Id.* at ¶ 22. It seeks to recover penalties under PAGA on behalf of all such persons. *Id.* at ¶ 29.

### III.     Motion to Remand (Dkt. 15)

    A.     Analysis

        1.     <u>Legal Standard</u>

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Generally, a civil action may be removed only if it could have been brought initially in a federal court. 28 U.S.C. § 1441(a).

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, a case arises under federal law when "federal law creates a cause of action." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (1987). "[D]eterminations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986).

Federal question jurisdiction may also arise when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Wander*, 304 F.3d at 858 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). This is a "'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 133 S. Ct. 1059, 1064-65 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06071 JAK (Ex) | Date | January 25, 2017 |
| Title | F. Osby v. Park Pictures, LLC, et al. | | |

Because federal courts have limited jurisdiction, the removal statute is to be strictly construed. Any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal means that defendant has the burden of establishing that removal is proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    2.    <u>Application</u>

        a)    Removability

Defendants make two arguments for why there is federal jurisdiction over this action, thereby warranting its removal. *First*, the citation in the Complaint to Ninth Circuit authority signals an intent to rely on the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), in support of the claims. *Second*, Plaintiffs' request for liquidated damages as a remedy for Count Two of the Complaint, is only available under the FLSA and not under the California Labor Code. Neither of these arguments is persuasive.

The Complaint mentions *Biggs* three times. *First*, the "General Allegations" aver:

> Plaintiff and other aggrieved employees were not timely paid the minimum wages and/or overtime to which he was entitled in violation of California Labor Code §§510 and 1194. See *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993), in which the court found both late payment and nonpayment of minimum wages to violate a statute requiring the payment of minimum hourly wage.

Dkt. 1 at ¶ 21.

*Second,* in connection with the PAGA claim, the Complaint alleges:

> Aggrieved Employees were not timely paid the minimum and/or overtime wages to which they were entitled in violation of California Labor Code §§ 510 and 1194. See *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993), in which the court found both late payment and nonpayment of minimum wages to violate a minimum wage statute. Defendant is subject to the civil penalties provided in California Labor Code § 558 by failing to timely pay each Aggrieved Employee their minimum and/or overtime wages.

*Id.* at ¶ 30.

*Third*, the Second Cause of Action, which seeks damages for unpaid minimum wages and overtime compensation under California Labor Code §§ 510 and 1194, alleges:

> Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.
>
> During his employment by Defendants on the Production, Plaintiff worked many hours without timely compensation for work he performed, as required by law. *See Biggs v. Wilson*, 1 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06071 JAK (Ex) | Date | January 25, 2017 |
| Title | F. Osby v. Park Pictures, LLC, et al. | | |

1537, 1544 (9th Cir. 1993).

*Id.* at ¶¶ 39-40.

Defendants argue that these three passages should be interpreted to demonstrate Plaintiff's intent to raise a claim under the FLSA. Plaintiff responds that *Biggs* was cited "for the proposition that any state minimum wage or statute must be construed to have a time limit for compliance." Dkt. 18 at 12.

*Biggs* addressed a claim brought against the Governor of California alleging that the state had violated the minimum wage provisions of the FLSA by paying wages 14-15 days late. 1 F.3d at 1538. *Biggs* concluded that, although the FLSA did not explicitly so provide, that statute is violated unless the minimum wage is paid to an employee on his or her regular payday. *Id.* at 1541. The court held that "[p]aychecks are due on payday. After that, the minimum wage is 'unpaid.'" *Id.* at 1544.

Under the well-pleaded complaint rule, a federal question must "be disclosed upon the face of the complaint, unaided by the answer." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). Further, under certain limited circumstances, "a federal court may have such jurisdiction if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'" *Id.*

Neither of these conditions is present here. The face of the Complaint shows that all six causes of its causes of action arise under specific provisions in the California Labor Code. None expressly arises under federal law. The citations to *Biggs* in the Complaint are not sufficient to raise a claim under federal law. In *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996), the Ninth Circuit concluded that even a direct reference to a federal statute was not sufficient to establish federal jurisdiction where "the actual causes of action[] stated in the complaint all sound in state law." *Id.* at 343. In that case, one of the plaintiff's claims cited Title VII directly, and the other referred to it indirectly. *Id.* at 344. The claim that cited Title VII directly was for wrongful termination in violation of public policy, which under California law requires that a plaintiff prove that a fundamental public policy exists "that is 'delineated in constitutional or statutory provisions.'" *Id.* Title VII was one of the sources of public policy cited. *Id.* Nevertheless, the Ninth Circuit held that "the complaint merely incorporates Title VII as one of several similar sources of public policy supporting defendant's state law claims." *Id.* It then concluded, "[t]hat the same facts could have been the basis for a Title VII claim does not make [plaintiff's] wrongful termination claim into a federal cause of action." *Id.* The plaintiff "chose to bring a state claim rather than a Title VII claim, and was entitled to do so." *Id.*

The same principle applies here. The indirect reference to federal law in the Complaint does not transform any of plaintiff's state law claims into ones that arise under federal law. At most, the reference to *Biggs* could be seen as a claim that its analysis of the FLSA should apply by analogy to the California Labor Code.

Nor have Defendants shown that the artful pleading doctrine applies. Under that rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* Plaintiff has not failed to plead any necessary federal questions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06071 JAK (Ex) | Date | January 25, 2017 |
|---|---|---|---|
| Title | F. Osby v. Park Pictures, LLC, et al. | | |

here, and has explicitly requested relief only under state law. *See, e.g.*, Dkt. 1 at ¶ 41 ("Plaintiff is entitled to recover liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof."). Further, the California Labor Code is not completely preempted by the FLSA. *See Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1418 (9th Cir. 1990); *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, 1116 (S.D. Cal. 2006) ("The Ninth Circuit has held that the FLSA does not preempt state law overtime wage laws, finding that 'the FLSA does not preempt California from applying its own overtime laws.'").

Finally, Defendants' argument that liquidated damages are only available under the FLSA is not relevant. As noted, the third paragraph of the Second Cause of Action for violation of California Labor Code §§ 510 and 1194 requests "liquidated damages under section 1194.2 of the California Labor Code." Dkt. 1 at ¶ 41. Section 1194.2(a) provides,

> In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

Defendants argue that § 1194.2(a) does not provide any relief for late payment of wages, and that such relief is only potentially available under the FLSA. Dkt. 23 at 2. Even if this position is correct, it does not change the nature of the allegations of the Complaint. They explicitly request liquidated damages only pursuant to § 1194.2. Thus, Plaintiff's request for such damages does not "necessarily raise[] a stated federal issue." *Provincial Gov't of Marinduque*, 582 F.3d at 1086. Rather, he seeks damages under state law. Whether those damages are available as a matter of law is an issue that may be addressed by the Superior Court during the proceedings that follow the remand of this action.

        b)     Attorney's Fees

Plaintiff argues that it is evident from the Complaint that there was no basis for removal. Therefore, he contends that the removal was in bad faith. Dkt. 15 at 10. As evidence of bad faith, Plaintiff notes that Defendants filed a "Notice of Related Cases" that identified *Lynch v. Cassavetes*, Case No. 13-cv-4317.[1] Dkt. 2. Plaintiff was also a plaintiff in *Lynch*, which alleged that the defendants -- a different production company -- had failed to pay crew members in a timely manner. *Lynch* Complaint, Ex. 1 to Request for Judicial Notice, Dkt. 13. The *Lynch* Complaint raised claims under both California labor law and the FLSA. *Id.* Plaintiff calls this notice "bogus." Dkt. 15 at 11. The nature of Plaintiff's objection is not clear.

---

[1] Defendants also filed a Request for Judicial Notice attaching the complaint and an order denying class certification in *Lynch*. Dkt. 13. The Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014) (quoting Fed. R. Evid. 201(b)). Materials for which judicial notice may be granted include "court filings and other matters of public record." *Id.* (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)). Thus, the Request for Judicial Notice is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06071 JAK (Ex) | Date | January 25, 2017 |
|---|---|---|---|
| Title | F. Osby v. Park Pictures, LLC, et al. | | |

However, a finding of bad faith is not necessary for an award of attorney's fees in the case of improper removal. Pursuant to 28 U.S.C. § 1447(c):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The Ninth Circuit has held that "[a]n award of attorney's fees pursuant to section 1447(c). . . is within the discretion of the district court, and bad faith need not be demonstrated." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992).

The district court's discretion to award attorney's fees is not unfettered. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Supreme Court characterized § 1447(c) as "evenly balanced between a pro-award and anti-award position." *Id.* at 138-39.

The "clarity of the law at the time of removal" is a significant consideration in whether an attorney's fee award is merited under § 1447(c). *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Thus, the Ninth Circuit in *Lussier* cited favorably to *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007), which held that the test for reasonableness is "whether the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier*, 518 F.3d at 1066.

Here, Plaintiff could easily have avoided removal had it not include the unnecessary citation to *Biggs* in the Complaint. "Legal argument, case citations and refutation of arguments that are anticipated are not necessary or appropriate in a pleading." *Harrison v. Institutional Gang of Investigations*, No. C 07-3824 SI (PR), 2009 WL 1277749, at *1 (N.D. Cal. May 6, 2009). Thus, an award of attorney's fees is not merited in this case.

      B.    Conclusion

For the reasons stated in this Order, the Motion to Remand is **GRANTED**. Plaintiff's request for attorney's fees is **DENIED**. The action is remanded to the Los Angeles Superior Court, BC 622402.

**IV.**    **Motion to Dismiss PAGA Claims and/or Strike Portions of the Complaint (Dkt. 12)**

Because there is no jurisdiction over this action, the Motion to Dismiss cannot be addressed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |